UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION
CASE NO.:

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MAGISTRATE JUDGE
SELTZER

CARY M. PINE
  Defendant.
_____/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $8833.18, plus interest on this principal amount computed at the rate of 7.00 percent per annum in the amount of $5603.21, plus interest thereafter on this principal from January 6, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00.  See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $14436.39, plus interest at 7.00 percent per annum on the principal amount of $8833.18, from January 6, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. §1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 6 day of January, 2000.

Respectfully submitted,

THOMAS E. SCOTT
United States Attorney

By: *(signature)*
Mary F. Dooley
Assistant U.S. Attorney
Florida Bar No. [#]A5500282
99 N.E. 4th Street,
Suite 300
Miami, FL 33132
Tel No. 305-961-9377
Fax No. 305-530-7195

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: CARY M PINE
AKA:

Address: 2201 S OCEAN DR APT 2203

HOLLYWOOD, FL 33019-2569-
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 08/20/99.

On or about 1/21/85, 9/15/86, 4/9/84, the borrower executed promissory note(s) to secure loan(s) of $2,500.00, $2,500.00, $2,500.00 from GLENDALE FEDERAL SAVINGS AND LOAN ASSN., FORT LAUDERDALE, FL. at 7.00% percent interest per annum. This loan obligation was guaranteed by FLORIDA DEPT OF EDUCATION, OFFICE OF STUDENT FINANCIAL ASSISTANCE and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $6.25 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 7/1/88, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $8,698.09 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 11/30/98, assigned its rights and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower owes the United States the following:

| | |
|---|---|
| Principal: | $ 8,833.18 |
| Interest: | $ 5,367.74 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $ 0.00 |
| Total Debt as of 08/20/99 : | $ 14,200.92 |

Interest accrues on the principal shown here at the rate of $1.69 per day.

Pursuant to 28 USC §1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/8/99   Name: _____
Title: Loan Analyst
Branch: Litigation

GOVERNMENT EXHIBIT A

| FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION KNOTT BUILDING TALLAHASSEE, FLORIDA 32301 | ORIDA GUARANTEED STUDENT LOAN PROGRAM (20 U.S.C. 1071-1087-2) PROMISSORY NOTE |
|---|---|
| BORROWER'S NAME AND ADDRESS: CARY M PINE 4391 NW 19TH ST #185 LAUDERHILL    FL 33313 | LENDER'S NAME AND ADDRESS: GLENDALE FEDERAL SAVINGS AND LOAN ASSN. 301 E. LAS OLAS BLVD. FORT LAUDERDALE    FL 33301 |

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or of the payment, whichever is less. |
|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Prepayment: If you pay off early, you |
| Prior to repayment / During repayment | | [ ] may  [X] will not   have to pay a penalty. [ ] may  [X] will not   be entitled to a refund of part of finance charge. |
| 2.924 %   7.000 % | $ 2,329.35 | See the promissory note for any additional information about n payment, default, any required repayment in full before the sch uled date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 2,329.35                Amount Paid to

Loan Amount $ 2,500.00   Less: Prepaid Finance Charge $ 170.65   Less: Amount Paid To $ 3.75   Equals: $ 2,325
Includes:
Insurance Premium   $ 45.65      To: FLORIDA DEPT. OF REVENUE
                  For: DOCUMENTARY STAMP TAX
Origination Fee     $ 125.00
( 5 % of Loan Amount)

### DISBURSEMENT SCHEDULE

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGE | | AMOUNT FINAN |
|---|---|---|---|---|---|---|
| | | | | INSURANCE PREMIUM | ORIGINATION FEE | |
| | 01/15/85 | 2,500.00 | 3.75 | 45.65 | 125.00 | 2,329.3 |

ED-888 5/82    FLORIDA DOCUMENTARY STAMP TAX REQUIRED BY LAW IN THE AMOUNT OF $3.75 HAS BEEN PAID OR WILL BE PAID DIRECTLY TO THE DEPARTMENT OF REVENUE. CERTIFICATE OF REGISTRATION 5901756111601

### PROMISE TO PAY

CARY M PINE                              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

I, _____ , the borrower, promise to pay
         (Name of Borrower)
GLENDALE FEDERAL SAVINGS AND LOAN ASSN. _____ , the lender, or to a subseque
         (Name of Lender)
holder of this Promissory Note, all of the principal sum of $ 2,500.00 to the extent it is advanced to me, plus an amount equivalent to simple interest this sum at the rate of 7.000 percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs – includi attorney's fees – that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for collecti to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accru interest.

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM**    If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pay to tl Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I will pa this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the loan and have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**ORIGINATION FEE**    If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed 5 percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduct fro each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required refund to me part or all the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than 12 months (the "grace period") after I either leav school or cease to carry at least one-half the normal acad

A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I – or, if both, my spouse and I have GSLP loans, Auxiliary loans or PLUS loans outstanding, we – pay toward principal and interest at least $600 or the unpaid balance, whichever is less, the total amount owing to all holders of my – or our – GSLP, Auxiliary and PLUS loans.
C. Any period described under DEFERMENT in this Promissory Note will not be included in determining the 5, 10, and 15 year periods mentioned above.
3. The particular terms and conditions of repayment that apply to this loan will be set forth by the lender in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

**PREPAYMENT** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**DEFERMENT** Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:
1. While I am enrolled in –
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
   B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
   C. A graduate fellowship program approved by the Secretary of Education; or
   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am –
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
   B. Serving as a Peace Corps volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA); or
   D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs.
   E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States. To be granted a deferment I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

**INTEREST**
1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the lender determines that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary pays the interest on this loan, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except that if the Secretary has paid the interest on this loan prior to the repayment period, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP.

**LATE CHARGES** If permitted by state law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5.00 or 5 percent of an installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER** Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender. If such a transfer takes place, I will have the same rights and responsibilities with regard to the new holder that I had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State, and a new holder of the Promissory Note is not a holder in due course.

**DEFAULT** If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. My default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

**DISABILITY OR DEATH** If I become totally and permanently disabled, or if I die, my obligation to pay any amount owed will be cancelled.

**CREDIT BUREAU NOTIFICATION** If I default on the loan, the holder, using the following procedure, may disclose information about the loan to credit bureau organizations after the holder has attempted to collect the debt from me.
If the holder knows my address, the holder must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repayment within 30 days of receipt of this notice, or such longer period as the holder may specify, the holder will disclose information about the loan to credit bureau organizations. If the holder does not know my address, the holder may disclose information about the loan to credit bureau organizations in order to learn my address. The holder must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the holder may disclose information about the status of this loan to any credit bureau.

**GENERAL** The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-2) and Federal regulations (34 CFR Part 682) that governs the GSLP. The lender must show me the Federal regulations upon request.
I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate requirements on how the loan proceeds may be used for and when my repayment period will begin.
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status.

| SIGNATURE OF BORROWER | ADDRESS 4391 NW 19 St, Lauderhill, Fl, 33313 | DATE 01/21/85 |
|---|---|---|

| NAME OF CO-SIGNER* (print or type) | ADDRESS | | |
|---|---|---|---|
| SIGNATURE OF CO-SIGNER | | DATE | TELEPHONE |

*The lender may require a co-signer to sign this Promissory Note.
FSFAC FORM 2 (8/82)

# FLORIDA APPLICATION/PROMISSORY NOTE FOR A STUDENT LOAN AND LOAN GUARANTEE

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 USC 1097.

## SECTION I - TO BE COMPLETED BY THE STUDENT - READ THE INSTRUCTIONS

1. Social Security Number: 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
2. Last Name: Pine   First: Cary   Middle/Maiden: Michael
3. Birth Date: 11 / 13 / 61
4. Permanent Home Address: 4391 NW 19 ST #185
5. Area Code-Phone No.: (305) 485-2723
   City: Lauderhill   State: FL   Zip Code: 33313
6. U.S. Citizenship Status: [X] (a) U.S. Citizen
7. Total Number of Borrower's Dependents: 1   List Ages: 24
8. Permanent Resident of (State Name): Florida   Since: Mo. 5 Yr. 82
8.(a) County Code: 06
9. Intended Enrollment Status: [X] Full Time
10. Major Course of Study: Biology
11. While in School, You Intend to Live: [X] With Parents
12. Prior to the academic year... ever enrolled: [X] Yes
13. Requested Loan Amount: $2500.00
14. Loan Period: From 08/86 To 05/87
15. Ever defaulted: [X] No
16. Outstanding education loans: [X] Yes

17. 
| Name of Lender | City and State of Lender | Phone No. | Type of Program | From | To | Unpaid Balance |
|---|---|---|---|---|---|---|
| Glendale Fed S+L | Ft. Lauderdale, FL | (305) 763-1121 | A | 01/84 | 08/84 | 2500 |
| Glendale Fed S+L | Ft. Lauderdale, FL | (305) 763-1121 | A | 08/84 | 05/85 | 2500 |
| American Savings Bank | New York, NY | (212) 334-7600 | A | 09/79 | 05/80 | 923 |

18. Name of Parent/Guardian plus Adult Relative:
| Name | Address | City | State | Zip | Phone Number | Employer |
|---|---|---|---|---|---|---|
| Maurice D. Pine | 4391 NW 19 St #185 | Lauderhill | FL | 33313 | 305-485-2723 | Pearl Art |
| Herman Fisher | 221 Coventry J-CV | WPB | FL | 33409 | 305-686-1943 | Retired |

19. Name and Address of Lender Who will Process this Loan: Glendale Federal S+L

## SECTION II - TO BE COMPLETED BY THE SCHOOL

20. Name of School: Broward Community College
21. Address: 3501 SW Davie Rd.
    City: Ft. Lauderdale   State: FL   Zip Code: 33314
22. Loan Period: From 8/25/86 To 5/1/87
23. Borrower's Grade Level: 2
24. Anticipated Graduation Date: Mo. 5 Yr. 87
25. School Code: 001500
26. Area Code/Phone Number: (305) 475-6571
27. Dependency Status: [X] Dependent
27.(a) Adjusted Gross Income: $17907.00
28. Estimated Cost of Attendance: $4142.00
29. Estimated Financial Aid: $1130.00
29.(a) Expected Family Contribution: $0.00
30. Difference: $3012.00
31. Cumulative Grade Point Average: 2.3 of 4.0

31.(a) Beginning Date of Terms / Recommended Disbursement Amount:
| # | Mo | Day | Yr | Amount |
|---|---|---|---|---|
| 1 | 8 | 25 | 86 | $1250 |
| 2 | 1 | 7 | 87 | $1250 |

TOTAL OF DISBURSEMENTS: $2500

32. Signature: Judith Berson - Director of Financial Services   Date: 9-15-86

## SECTION III - TO BE COMPLETED BY THE LENDER

33. Name of Lending Institution: GLENDALE FEDERAL
34. Address: STUDENT LOAN DEPARTMENT, 901 E LAS OLAS BLVD, PO BOX 14370, FT. LAUDERDALE, FLORIDA 33302

37. Loan Disbursement Date(s):
| # | Mo | Day | Yr | Amount |
|---|---|---|---|---|
| 1 | 10 | 13 | 86 | $1250 |
| 2 | 12 | 12 | 86 | $1250 |

TOTAL AMOUNT LENDER APPROVED: $2500

35. Area Code/Phone No.: (305) 763-1121
36. Lender Code: 826760
38. Length of Grace Period: 9 10 11 (12)
39. Signature of Authorized Lending Official: Arthur Beaumont
40. Date: 9/25/86

## SECTION IV - PROMISSORY NOTE FOR A GUARANTEED STUDENT LOAN

**I. Promise To Pay** I, the undersigned student borrower identified in Section I, Item 2, promise to pay to you or your order when this note becomes due as set forth in Paragraph II, the sum of **Two Thousand-Five Hundred** DOLLARS ($2500.00) or such loan amount as is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan. (See Paragraphs II, III, VI on the other side.) My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.

I.B. Student Borrower Signature: Cary M. Pine   Date: 09/15/86

## Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II. Date Note Comes Due** I will repay this loan: 1) in periodic installments during a repayment period that will begin no later than the end of my grace period; or 2) in full immediately if I fail to enroll and attend at the school which certified my application for the academic period intended (this loan will not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying, at an eligible school approved by the Guarantor, at least one-half the normal full-time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment period begin earlier. My due date will be indicated on the Repayment Schedule.

**III. Interest** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date you advance the loan until the loan is paid in full. The applicable interest rate on this loan will be the same as the applicable interest rate on my other Guaranteed Student Loans if any of those loans is still outstanding and has an interest rate of 7%, 8% or 9%. If I have no outstanding Guaranteed Student Loans, my interest rate on this loan will be 8%. The Notice of Loan Guarantee and Disclosure Statement identifies the applicable interest rate for this loan. You will not attempt to collect from me any interest which the United States Government will pay for me. When this note becomes due I may either pay the total interest due from me or such interest may be added, in accordance with State and Federal regulations governing the Guaranteed Student Loan Program, to the principal balance due to be repaid with interest, in installments. Once the repayment period begins, I will pay all the interest on this loan, except that if the interest occurring on this loan prior to the repayment period was payable by the United States Government, the United States Government will pay the interest that occurs during any period described under Deferment, Paragraph VIII in this Note. All payments will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address which you provide to me.

**IV. Origination and Guarantee Fees** I will pay you an origination fee as authorized by federal law, not to exceed 5% of the amount loaned to me as identified on the Notice of Loan Guarantee and Disclosure Statement. If any loan check is returned uncashed to you, I will be entitled to a refund of any origination fee paid in respect to such disbursement. I will pay you a guarantee fee, in an amount identified on the Notice of Loan Guarantee and Disclosure Statement, which you will forward to the Guarantor to pay for its guarantee of this Note. The guarantee fee, in an amount not to exceed one percent (1%) per annum, is calculated on the amount of this loan from the anticipated disbursement date as indicated by the Lender in Section III of the application until the expiration of my grace period following the graduation or course completion date indicated by the School in Section II of my application for this loan. No part of the guarantee fee will be refunded to me unless the loan check is returned to you within 60 days after the disbursement date, in which case the total fee will be refunded. The origination fee and the guarantee fee may both be deducted from the proceeds of my loan.

**V. Default** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once (subject to any law which gives me a right to cure my default) if: 1) any payment has not reached you within the number of days after it is due as specified on the Repayment Schedule, or I fail to meet the terms of the Application/Promissory Note under circumstances where you find it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that my failure persists for (a) 120 days if I pay in monthly installments; or (b) 180 days if I repay in less frequent installments; or 2) I fail to notify you of a change in name, address or school enrollment status within 10 days; or 3) I break any of my other promises under this agreement; or 4) I make any false written statement in applying for this loan or for a forbearance or deferment of this loan. After sending such notice, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. My default also makes me ineligible for the benefits described under Deferment, Paragraph VIII.

**VI. Late Charges** If any payment has not reached you within ten (10) days after its due date you may, if permitted by law, bill me for a late charge at the maximum rate permitted. If a payment is late, I may be charged five dollars ($5.00) or five percent (5%) of the payment, whichever is less.

**VII. Additional Agreements** 1) The proceeds of this loan will be used only for my educational expenses at the school indicated in Section II of my application. 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. 3) Your failure to enforce or insist upon compliance with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. 4) If the Florida Department of Education is required under its guarantee to repay my loan(s) because I have defaulted, The Florida Department of Education will become the owner of this Note and as my creditor will have the rights of the original lender to enforce this Note against me. 5) I understand that I must repay this Note even though I may be under 18 years of age. 6) If I am unable to make the scheduled payments for reason of hardship, I may be eligible for forbearance as provided for in the Guaranteed Student Loan Program regulations at the discretion of the lender on the repayment of my loan(s). 7) In this Note the words I, me, and my mean the borrower identified in Item 2 of Section I of the Application. You, your and yours mean the lender and any other owner of the Note.

**VIII. Deferment** You will let me pay interest only, if such interest is not paid by the United States Government, and let me defer making principal payments on this Note as provided below if my repayment period has begun, I am not in default and I can provide you with written evidence that I qualify for the deferment: 1) While I am enrolled: a) at a participating school in full-time study, as determined by that school, however, to obtain a deferment to attend a school not located in the United States I must be a citizen or national of the United States; or b) in a graduate fellowship program approved by the Secretary of Education; or c) in a rehabilitation training program for disabled individuals approved by the Secretary of Education; or d) as a full-time student at an institution of higher education or vocational school which is operated by an agency of the United States Government. 2) For periods not exceeding 3 years for each of the following while I am a) on active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service; or b) serving as a Peace Corps volunteer; or c) serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (e.g., VISTA); or d) providing service as a full-time volunteer for an organization exempt from Federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service performed in the Peace Corps or ACTION programs; e) temporarily totally disabled, as established by affidavit of a qualified physician; or f) unable to work because I am providing care required by a spouse who is temporarily totally disabled as established by affidavit of a qualified physician. 3) For a period not exceeding 2 years while I am serving an internship that the Secretary of Education has determined is needed to gain professional recognition required to begin professional practice or service. 4) For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

**IX. Repayment** I will repay the total amount due on this Promissory Note in periodic installments, with interest at the rate indicated in Interest, Paragraph III, on the unpaid balance from the due date of this Promissory Note until the loan is paid in full, unless: 1) The whole loan is due as described in Default, Paragraph V; or 2) This Promissory Note has become due because of Item 2 of Date Note Comes Due, Paragraph II. Prior to the due date of this Promissory Note, you will send to me a Repayment Schedule which shows the particular repayment terms, including the beginning due date, that will become part of this Promissory Note. The Repayment Schedule may require me to consolidate (with loans received from you under the Florida Guaranteed Student Loan Program). The Repayment Schedule will require me to make monthly payments for a period that will not be longer than 10 years after this Note becomes due. The repayment period will not be longer than 15 years from the date of my original Note not counting periods when I am granted any authorized deferment outlined in Deferment, Paragraph VIII or forbearance. My original in-school period is counted in this 15 year requirement. At my option, I agree to a repayment period that is shorter than 5 years. I may at a later time have the repayment period extended so that the total repayment period is not less than 5 years; provided, however, that if my loan(s) is disbursed on or after October 1, 1981, my total payments for any year of the repayment period on all my loans under the Guaranteed Student Loan Program (GSLP), the Guaranteed Parent Loan Program (GPLP), or the PLUS Program under Title IV, Part B of the Higher Education Act shall not be less than $600 per year, including payments by my spouse on any loan under such loan programs (or the balance of all such loans plus accrued interest if less than $600) even though this may result in a repayment period shorter than 5 years.

**X. Prepayment** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification** If I default on this loan, you or the Florida Department of Education may report the default to credit bureau organizations. This may significantly and adversely affect my credit rating. If not otherwise prohibited by law, the lender or the Florida Department of Education may disclose information about the status of this loan to any credit bureau.

[Stamp overlay: "All right, title, and interest in the within instrument is hereby assigned (without recourse or warranty, except as to title and/or authority for insurance) to the Florida Department of Education CHELA STUDENT LOAN SERVICES as Authorized Agent of Florida Marketing Association"]

[Stamp: "STUDENT LOAN SERVICES 3/5/93"]

### Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, Florida Department of Education, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in Item 22. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not now owe a repayment on a Pell Grant, Supplemental Grant, or State Student Incentive Grant and am not now in default on a National Direct Student Loan, or a Guaranteed Student Loan, or a Federally Insured Student Loan or a PLUS loan. I further authorize my lending institution to issue a check covering the proceeds of my loan, in full or in part, made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the school named in Section II or at the lender's option, to me. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with this application.

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount (as determined by the lender), the fee amounts, grace period, and late charges. I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application/Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

**NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

| FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION<br>KNOTT BUILDING<br>TALLAHASSEE, FLORIDA 32301 | FLORIDA GUARANTEED STUDENT LOAN PROGRAM<br>(20 U.S.C. 1071-1087-2)<br>PROMISSORY NOTE |
|---|---|
| **BORROWER'S NAME AND ADDRESS:**<br>CARY M PINE<br>4391 NW 19TH ST #185<br>LAUDERHILL  FL 33313 | **LENDER'S NAME AND ADDRESS:**<br>GLENDALE FEDERAL SAVINGS AND LOAN ASSOCIATION<br>301 E LAS OLAS BLVD.<br>FORT LAUDERDALE   FL 33301 |

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | Amount Financed<br>The amount of credit provided to you. | Late Charge: If a payment is late, you may be charged $5.00 or ...<br>of the payment, whichever is less.<br><br>Prepayment: If you pay off early, you<br>☐ may  ☒ will not   have to pay a penalty.<br>☐ may  ☒ will not   be entitled to a refund of part of the finance charge.<br><br>See the promissory note for any additional information about n... payment, default, any required repayment in full before the schedu... date, and prepayment refunds and penalties. |
|---|---|---|
| Prior to repayment: 2.305 %<br>During repayment: 7.000 % | $ 2,323.12 | |

Itemization of the Amount Financed of $ 2,323.12                                        Amount Paid to

Loan Amount $ 2,500.00   Less: Prepaid Finance Charge $ 176.88   Less: Amount Paid To $ 3.75   Equals: $ 2,319...
Includes:
  Insurance Premium  $ 51.88              Others On Your Behalf:
                                           To: FLORIDA DEPT. OF REVENUE
                                           For: DOCUMENTARY STAMP TAX
  Origination Fee  $ 125.00
                     ( 5 % of Loan Amount)

### DISBURSEMENT SCHEDULE

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGE | | AMOUNT FINANC... |
|---|---|---|---|---|---|---|
| | | | | INSURANCE PREMIUM | ORIGINATION FEE | |
| | 05/01/84 | 2,500.00 | 3.75 | 51.88 | 125.00 | 2,323.1... |

ED-888  5/82

### PROMISE TO PAY

I, CARY M PINE                              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                       , the borrower, promise to pay ...
        (Name of Borrower)
GLENDALE FEDERAL SAVINGS AND LOAN ASSOCIATION                           , the lender, or to a subseque...
        (Name of Lender)
holder of this Promissory Note, all of the principal sum of $ 2,500.00 to the extent it is advanced to me, plus an amount equivalent to simple interest o... this sum at the rate of 7.000 percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs — includin... attorney's fees — that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for collectio... to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued interes...

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM**  If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pay ... the Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I wi... pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the lo... and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**ORIGINATION FEE**  If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed   5   percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduct fro... each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required to refun... to me part or all the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than _____ months (the "grace period") after I either leav... school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, durin... the grace period I may request that the repayment period begin earlier.

A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or if both, my spouse and I have GSLP loans, Auxiliary loans or PLUS loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance, whichever is less, the total amount owing to all holders of my — or our — GSLP, Auxiliary and PLUS loans.
C. Any period described under DEFERMENT in this Promissory Note will not be included in determining the 5, 10, and 15 year periods mentioned above.
3. The particular terms and conditions of repayment that apply to this loan will be set forth by the lender in a separate document, known as a repayment schedule, the lender will provide to me before the repayment period begins.

**PREPAYMENT** I may, at my option and without penalty, prepay all of any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**DEFERMENT** Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in regulations governing the GSLP in any of these circumstances:
1. While I am enrolled in —
  A. Full-time study at a school that is participating in the GSLP unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
  B. Full-time study at an institution of higher education or vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
  C. A graduate fellowship program approved by the Secretary of Education; or
  D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following, while I am —
  A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
  B. Serving as a Peace Corps volunteer;
  C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA); or
  D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs.
  E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States. To be granted a deferment, I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

**INTEREST**
1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the lender determines I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary pays the interest on this loan, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except that if the Secretary has paid the interest on this loan prior to the repayment period, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP.

**LATE CHARGES** If permitted by state law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5.00 or 5 percent of an installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER** Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender. If such a transfer takes place, I will have the same rights and responsibilities with regard to the new holder as I had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any State, and a new holder of the Promissory Note is not a holder in due course.

**DEFAULT** If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

**DISABILITY OR DEATH** If I become totally and permanently disabled, or if I die, my obligation to pay any amount owed on this loan will be cancelled.

**CREDIT BUREAU NOTIFICATION** If I default on this loan, the holder, using the following procedure, may disclose information about the loan to credit bureau organizations after the holder has attempted to collect the debt from me.
If the holder knows my address, the holder must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repayment within 30 days of receipt of this notice, or such longer period as the holder may specify, the holder will disclose information about the loan to credit bureau organizations.
If the holder does not know my address, the holder may disclose information about the loan to credit bureau organizations in order to learn my address.
The holder must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the holder may disclose information about the status of this loan to any credit bureau.

**GENERAL** The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-2) and Federal regulations (34 CFR Part 682) that govern the GSLP. The lender must show me the Federal regulations upon request.
I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status.

*[stamped overlay:]* All right, title and interest of the undersigned hereby assigned to the Student Loan Marketing Association ("SLMA") without recourse except as provided in section C of the Loan Sale Agreement Standard Terms incorporated by reference in the Loan Sale Agreement between SLMA and Glendale Federal dated _____
GLENDALE FEDERAL
[signature]

*[second stamped overlay:]* All right, title, and interest of the undersigned is hereby assigned (with our warranty except that the note qualifies for insurance) to State of Florida, Department of Education.
Student Loan Marketing Association
[signature]
Authorized Agent of Student Loan Marketing Association

CSX STUDENT LOAN SERVICES

| SIGNATURE OF BORROWER | ADDRESS | DATE |
|---|---|---|
| [signature] | 4391 NW 19th St, Lauderhill, Fl 33313 | 04/09/84 |

NAME OF CO-SIGNER* (print or type)    ADDRESS

SIGNATURE OF CO-SIGNER    DATE    TELEPHONE

900320 007755

*The lender may require a co-signer to sign this Promissory Note.
FSFAC FORM 2 (8/82)

# CIVIL COVER SHEET  00-6033

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CV-ZLOCH

**I. (a) PLAINTIFFS**

UNITED STATES of AMERICA

**DEFENDANTS**

CARY M. PINE

MAGISTRATE JUDGE
SELTZER/BROWARD

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

D-Broward / 00cv6033 / Zloch / Seltzer

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
MARY F. DOOLEY, AUSA   305-961-9377
99 NE 4TH ST, MIAMI FL   33132

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** ☐ 362 Personal Injury - Med Malpractice | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| | ☐ 365 Personal Injury - Product Liability | B☐ 640 R R & Truck | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | B☐ 650 Airline Regs | ☐ 820 Copyrights | |
| B[X]152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 330 Federal Employers Liability | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | | | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| | | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN. 34 CFR 682.100(4) (d)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ 14,436.39
plus interest $ costs

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  1/6/00
SIGNATURE OF ATTORNEY OF RECORD
MARY F. DOOLEY, AUSA

**FOR OFFICE USE ONLY**
RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___