UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6033-CIV-ZLOCH

UNITED STATES OF AMERICA

          Plaintiff,

v.

CARY PINE

          Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND TO COMPEL DEFENDANT TO ATTEND DEPOSITION
IN AID OF EXECUTION**

Plaintiff, by and through the undersigned Assistant United States Attorney, and pursuant to Fed. R.Civ.P. 37, moves to compel the Defendant to 1) respond to the Plaintiff's First Request for Production and 2) attend a deposition in aid of execution of a judgment. In support of this motion, Defendant states as follows:

1. This is an action by the United States, on behalf of the U.S. Department of Education, against Defendant Cary Pine, to recover on a defaulted student loan guaranteed by the U.S. Department of Education. The United States seeks money damages in the amount owed on this federally guaranteed student loan. As of October 18, 2007, Defendant owes $22,971.89 ($22,213.82 in principal and $758.07 in interest).

2. On March 31, 2000, the court entered a Consent Final Judgment in favor of the Plaintiff, United States of America, in the sum of $14,563.44, consisting of $8,833.18 in unpaid principal, plus $5,730.26 in unpaid interest. A copy of the Judgment is attached hereto as Exhibit "A."

3. On August 29, 2007, the Plaintiff served Defendant with Plaintiff's Notice of Taking Deposition in aid of execution. *See* Exhibit "B". This was sent *via* Federal Express. *See* FedEx

Track Shipments Detailed Results, Exhibit "B1" attached hereto.  Said Notice was served on September 4, 2007.  *See* FedEx Track Shipments Detailed Results.  Exhibit "B2" attached hereto.

4.  The deposition of the Defendant was scheduled for October 10, 2007.

5.  Defendant failed to appear at his deposition. Attached is the Notice of Non-Appearance. Exhibit "C."

3. On August 28, 2007, the Plaintiff served Defendant with Plaintiff's Request for Production in aid of execution.  Said discovery request is attached hereto as Exhibit "D."

4.  Plaintiff's response to the discovery was due on or before September 26, 2007.

7. To date, Defendant has failed to provide to Plaintiff any documents responsive to the requests to produce.  Furthermore, Defendant, has not filed for an additional extension of time nor contacted the undersigned.

11.  Despite Plaintiff's good faith efforts to elicit the requested discovery from Defendant, he has failed to provide it.

12.  Accordingly, Plaintiff asks this court to enter an order compelling Defendant to immediately comply with his discovery obligations and to attend his deposition in aid of execution of a judgment scheduled for December 5, 2007.

## **MEMORANDUM OF LAW**

Under Fed.R.Civ.P. 34, any party may serve a request upon another party to produce documents that are within the scope of Rule 26(b).  *See* Fed.R.Civ.P. 34(a).  As to the permissible scope of discovery, Fed.R.Civ.P. 26 (b)(1) provides that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party*,* including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

2

Plaintiff seeks information from Defendant that is directly related to the claims and defenses in this matter. That information is discoverable, and Defendant, should present it to Plaintiff in a manner that complies with the Federal Rules of Civil Procedure and the Local Rules of this Court. Where a party fails to respond to interrogatories or document requests, Fed.R.Civ.P. 37(a)(2)(B), in part, provides that " the discovering party may move for an order compelling an answer." To date, Defendant has failed to respond to Plaintiff's Request for Production. Moreover, Defendant failed to appear at his deposition scheduled for October 10, 2007 at 1:30pm.

Accordingly, this Court should compel Defendant to produce the records requested and appear at his deposition.

## CONCLUSION

WHEREFORE, based on the foregoing, Plaintiff respectfully requests this Honorable Court issue an Order compelling Defendant to provide responses to Plaintiff's First Request for Production and appear at her deposition which has been rescheduled for December 5, 2007, at 1:30pm.

Date: October 18, 2007
    Miami, Florida

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:  s/Aloyma M. Sanchez
Aloyma M. Sanchez (0717509)
Assistant United States Attorney
aloyma. Sanchez @usdoj.gov
99 N.E. 4th Street, Suite 300
Miami, Florida  33131
Tel. (305) 961-9204
Fax. (305) 530-7195
Attorney for Plaintiff

3

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on October 18, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served by U.S. mail this 18th day of October, 2007, upon party of record who is not authorized to receive electronically Notices of Electronic Filing as indicated on the attached service list:

      By    s/Aloyma M. Sanchez
              Aloyma M. Sanchez
              Assistant United States Attorney

<u>United States of America v. Cary Pine</u>
Case No. 00-6033-CIV-ZLOCH

<u>SERVICE LIST</u>

Cary Pine
6919 W. Broward Blvd #124
Plantation, FL 33132
***Served by Federal Express***

Aloyma M. Sanchez
Assistant United States Attorney
Fla. Bar No. (0717509)
Email: aloyma.sanchez@usdoj.gov
Federal Justice Building
99 NE 4th Street, Suite 300/Civil Division
Miami, Florida 33132
Tel. (305) 961-9204
Fax (305) 530-7195
Counsel for Defendant